3 argued cases this morning and 1 case submitted on briefs. And our first case is number 2011-3149, Harris v. MSPB. Mr. Chusey, is that correct? Yes. Thank you, Your Honor. May it please the Court, I'm George Chusey. I represent the petitioner, Renee Harris. Ms. Harris' petition for review submitted to the Merit Systems Protection Board was rejected by the Board on the ground it was untimely filed by one day. The issue in this Court is whether this Court should remand the case to the Board for further review of the petition. Your Honors, the essential facts are as set forth in our brief. We acknowledge that the petition for review was untimely filed. We were not counsel at the time. We also acknowledge the general rule that a client is bound by the actions of her chosen counsel. We ask the Court, however, to apply the well-established exception to that rule, which was articulated by this Court's predecessor in 1984. And that is, pardon me if I read, it is inappropriate to apply the principle that an attorney's actions should be attributed to his client when the client has proven that her diligent efforts to prosecute the suit were, without her knowledge, thwarted by her attorney's deceptions and negligence. You might have a pretty good argument based on that legal theory and the facts. But what seems to me is troubling is that there was a long period of time before the Board where this timeliness issue was clear enough, and the Board was trying to decide whether there was good cause. And none of this was raised at that time, even though, so far as I can tell, Ms. Harris certainly knew the underlying facts during that period. Your Honor, Ms. Harris's prior counsel was with a well-established, reputable law firm in this city, Schneider, Harrison, Siegel, and Lewis. They are not a fly-by-night law firm. Her attorney told her that the arguments that the agency had raised as to untimeliness were simply not well taken, that he was convinced that the Board would accept the petition as timely filed, and that she had nothing to worry about. Well, but was there anything that she learned later that she didn't know at the time when the case was before the Board and the Board was considering the good cause question? Whatever she knew, she was satisfied by counsel that those concerns were misplaced, and that the Board had decisions which supported her position, his position, and that she had nothing to worry about. And it was only when the Board issued its decision rejecting those arguments and dismissing the petition as untimely filed that she turned to new counsel. Let me ask you about that period. I understand your argument that she was represented by the same counsel who didn't have an incentive to talk about his own misbehaviors, but as I read your timeline, it was only a couple weeks between the time when the Board denied her request for untimely filing based on good cause and when she got new counsel. Is that right? That is correct. Doesn't the Board have a procedure for reopening? No, Your Honor. In fact, the Board did not have a procedure for reopening. The Board had, and it was 1201.5 CFR 1201.118. 117 and 118 covered reopening. They did not cover reconsideration, and it was absolutely unclear to us. It did not cover reconsideration of a previously... What do you mean it didn't cover reconsideration? It did not apply... What did not apply? The Board's former regulations, they have just issued new regulations which were effective this past November 13th, so about three weeks ago. Those new regulations apply to reconsideration requests as well as reopening requests, and they specifically apply, which the previous regulations did not, to a previously issued final order. The old regulations applied to reopening of a petition for review based on any argument that the Board could see from the record. It did not apply to reconsideration of a final order, at least not by its terms. You say not by its terms. The terms of the provision are very broad. It simply says, regardless of any other provision of this part, the Board may at any time reopen any appeal in which it has issued a final order or in which an initial decision has become the Board's final decision by operation of law. Yes, and what we were confronted with, Judge O'Malley, was if we filed a petition to reopen or reconsider based on the information which we had uncovered, would that toll the statutory time limit for taking the appeal from that final order to this Court? There's only 60 days for that. The agency would have had 30 days to respond to anything that we filed. The likelihood that the Board would be able to issue a decision within the 60 days was not very high. The petition for reconsideration or petition to reopen doesn't toll the time for appeal or petition for review? Not by its terms. Isn't there any law about that? No, there isn't. And what's interesting is that virtually all of the cases that have appeared before this Court asking this Court to reconsider a Board decision on untimeliness were based on the untimeliness of the appeal itself. Those cases almost virtually unanimously involved a situation in which the issue of the basis for the untimeliness was raised with the Board. That is not the case here. So why couldn't she have simultaneously petitioned for rehearing or to reopen and filed a protective appeal with this Court? Theoretically, Judge Dyke, that could have been done. We did not believe that that would adequately protect her interests. Isn't it akin to what happens at the District Court when someone files an appeal but also under 60B seeks to set aside the underlying judgment? I don't know. You're asking me to, I guess, speculate as to whether a procedure which is not articulated in any regulation or rule of this Court or the Board is somehow akin to procedures which are fairly well fleshed out in case law going back a long time. We were confronted with a situation in which the Board had not been apprised of the real circumstances underlying the untimely petition. What we are asking this Court to do is to send the case back to the Board to consider whether based on the information that we now have, that we can place into the record before the Board, whether that would warrant a different result with respect to untimely filing. With respect to the untimely filing, let me be clear about this. Assuming we remand for the Board to do that hypothetically, I assume that does not reopen the merits of the issue. That is to say, your problem at that point is to deal with the merits as they were presented to the A.J., to the Board initially, is that right? You're not planning to re-litigate the merits angle, are you? That would be something which we could address with the Board, we believe. The initial issue is whether the Board should consider the original petition for review based on the exception to the law on responsibility of client and counsel. We may ask the Board for permission to revise the arguments on the petition, but that is for the Board to tell us. The Board has, I think, absolute discretion in that regard. My problem with your case, counsel, is that it seems to me that argument, the argument that, well, you know, the client really didn't know what was going on, can be made in so many cases that I recognize there's an exception, but it has to be a very narrow exception. Otherwise, we undercut the whole proposition that you are bound by your choice of counsel, which she apparently chose a reputable counsel. Maybe she has a recourse there, but does she really get a second shot at this opposition? Judge Plager, we had submitted into our original appendix numerous emails between Ms. Harris and her counsel inquiring as to the status of the petition for review with responses that those petitions for review were being worked on. Ms. Harris, we submitted an affidavit from Ms. Harris. She met with counsel on the day the petition was due, and he assured her that the petition would be timely filed, and it was not filed that day. It was filed the next day. It is a narrow exception. She personally met with him in his office on the day that the petition was due, and he assured her that the petition would be timely filed. I agree. I mean, I've been doing this for 35 years. In my career, I have had one instance in which this argument could be raised. It was raised with my law firm because one of our associates lied to the board and said that something had been mailed, served, and filed on a particular day, and we discovered months later that it had not been, and we basically threw ourselves on the mercy of the board and said the client cannot be charged with this negligence, and the board agreed with us. But, you see, my problem is not necessarily, as Judge Sykes said, with the facts, assuming your facts are ultimately as you say they are, because we don't have officially a record in front of us as to these facts. It's more with the procedures. All the cases that you've cited and all the circumstances that you've cited are situations in which the board had an opportunity to address the issue in the first instance, so you've either cited us to board cases where they've applied this principle, or you've cited us to a district court case where under 60B, the court refused to set it aside and the court of appeals said no, you didn't properly consider the circumstances. But in each case, it's the underlying body that had the first opportunity to create the record of what went on and to consider what went on. How do we get around the jurisdictional problem? I don't think you need to. This court has articulated for itself and for the board the power to remand in the interest of manifest justice, to prevent an injustice or a clear wrong from taking place. In this particular instance, it's the petitioner, it's Ms. Harris, who has been the victim of her counsel. This matter is presented to this board, which we're asking no more than that the court remanded to the board to exercise its discretion. In exercising its discretion, would it be open to the board to say, you were not diligent in raising this issue, either before the initial final decision of the board, or thereafter, in connection with the petition for rehearing or to reopen? Are you saying that we should send it back to the board so they could consider those issues, or are you saying that we should send it back to the board with the direction that it has to consider the merits of her allegations? No. In the only case that I'm aware of that has addressed that question, and I don't know that I can cite it to you because it's an unpublished decision which was issued before January 1st of 2007, but the court recognized that the board had the discretion to decide the issue of timeliness and remanded it to the board to exercise that discretion in the first instance. Yeah, but I don't think you're directly addressing my question. What I'm asking you is, are you asking us to remand to the board so that the board can consider the question of diligence and whether this issue was properly raised or was raised too late? Or are you asking us to resolve those questions on appeal and say, there's an open question, the board has to consider the conduct of the lawyer and make a determination of whether it was good cause? Judge Dyke, if you're asking me what my preferred outcome is, it would be the former, or the latter. Based on this court's precedent and what I'm representing to you is, you have already done the former, and that at a minimum is what I would request. Okay, thank you. We'll give you two minutes for remand. Thank you. Good morning. Good morning. Given the facts of this case and what we've heard about the unquestioned failure of her counsel to adequately represent her under circumstances in which she apparently did, and all a reasonable, uneducated non-lawyer, uneducated in the law anyway, why is the government resisting letting the board hear the full facts of the question of whether they should reopen or at least consider the late filing for the reasons they have yet to hear? Why is the government resisting that? I believe for two reasons, Your Honor. Number one, Ms. Harris didn't exercise due diligence. She knew from the beginning on when she got the board's acknowledgment letter that the appeal was filed on June 11th rather than June 10th, and she knew from the initial decision that the petition for review had to be filed on June 10th. She knew at that point that her attorney had not filed it when he said he had. She had a responsibility, and her responsibility to prosecute her case remains with the appellant all the time, and she does not have the luxury, if you will, to rely solely on her attorney. Could she have fired her counsel and filed it herself? She could have. She never brought it to the attention of the board. The board's letter was issued on June 14th, and she received a copy. They admitted that they did, that it was filed June 11th. As I said earlier, she knew from the initial decision that it was due June 10th. She was in his office apparently on June 10th. She knew perhaps from the likelihood that it was not going to be filed at that time. When she received the board's acknowledgment letter and when the board issued its decision on April 8th, 2011, she had almost a year to have brought that to the board's attention. During that time, she could have inquired of the board as to what her options were. The board has said, we don't communicate directly with people who are represented by counsel. She was represented by counsel then. She would have had to fire her counsel. The board would not have communicated with her. I believe if she formed the opinion that her counsel had misled her, that was exactly what she should have done. You're suggesting she should have trotted down to the board's office, knocked on the door, and said, hey guys, I got this lousy counsel, and would you please straighten things out for me. Is that what she should have done? Well, I wouldn't say it quite like that, Your Honor, but I do think she should have brought it to the board's attention. And I believe counsel mentioned something about the board's regulations. The board reopens on its own motion, and there are case after case where the board denies a petition for review for the appellant, and yet reopens on its own motion based on something that the appellant brings to the attention of the board. She brought that to the attention of the board, filed her affidavits or whatever. The board would have looked at it, and even if the board had not reopened based on what she said, we believe that the board would have reopened on its own motion. These are all very interesting arguments, but why shouldn't we give the board the opportunity to address these arguments about diligence and whether she should have fired her lawyer early or whether she should have filed a petition for reconsideration? Why don't we just remand to the board to have it consider in the first instance whether these are properly raised at this point, rather than our, as an initial matter, addressing these questions, some of which are factual? Because we believe that the board did not abuse its discretion when it dismissed the cases untimely filed. The board had a chance to consider the issues that are briefed here, including whether the conduct of her counsel was an excuse, whether she had to do something earlier, whether she should have petitioned for reconsideration. Why should we, in the first instance, be deciding all this? Why don't we just send it back to the board and say, okay, why don't you take a crack at this and look at it and decide what ought to be done? And then if Ms. Harris is then dissatisfied with what the board does as a result of that, she can come back here. Because we believe that that argument could be made by many of the board's petitioners, many of the board's appellants, you know, an appellate get a decision and decide that they're dissatisfied with it and does not do anything for a year and decide in almost a year, oh, I believe I can bring something to the board's attention. Ms. Harris knew this. Ms. Harris could have. She never once contacted the board to determine what her options were, and I believe it's clear from the record that Ms. Harris formed the opinion that her counsel was misleading her long before she got the board's decision. The board's decision was not issued until April the 8th, 2011, yet she knew at least on June the 14th, 2010, that her counsel did not file the petition for review. But her counsel told her that the board's decision was going to be favorable, and she did not know or have any particular reason unless she decided to practice law without a license. She had no reason to know until April of 11 that the board was going to turn her down. It took the board a year to get around to telling her that. Why are you putting the burden on her? I agree with you that the board did not abuse its discretion based on the information it had. The question that we're wrestling with is, oh, my goodness, there's some important new information that has now appeared, and as Judge Deitch says, why shouldn't the board have the opportunity to do the right thing by giving them a chance to at least look at it? Because the, quote, new information is information that really is not new. It was not new when it was brought to this court's attention. It was known, at least she formed the information or the belief, long before this case was filed in the court. And we believe that she should not be allowed to get two bites at the apple when she didn't expect it. But why shouldn't we ask the board to address those arguments that you're making and that they're making and reach a decision about it and, if necessary, to find relevant facts and exercise its discretion to decide what to do? We're not a trial body here. We don't have the ability to find facts. And to some extent, you are differing about the facts, and to some extent, you're differing about whether the board should exercise discretion under these circumstances. Why don't we just put the whole thing back before the board and give them a chance to address it and see what they think is appropriate? And if the result of that is an error or is arbitrary and capricious, we can review it again at that time. Obviously, Your Honor, it's within this court's wisdom as to what this court wants to do. But we believe that Ms. Harris should not be awarded for not exercising due diligence in prosecuting her own case, which she was never relieved of that responsibility. And as I said earlier, Ms. Harris formed the opinion that her attorney was not misleading her. Ms. Harris is not. Granted, Judge Prager, she's not an attorney. I understand that. But Ms. Harris formed the opinion that her attorney was not doing what she thought he should do long before she came to this court. She never once called the board. That's why she hired new counsel and fired her old one. She had a responsibility. Her responsibility is to get a lawyer to represent her. She thought she had done that. What more do you want from her? Well, her responsibility was to exercise due diligence, for which she did not do. And due diligence, in our opinion, would have been to contact the board to learn what her options would have been at that point. And she had almost a year to do that. Is it your position that even if she had sought to reopen before the board within a month, by the time she got new counsel, that the government would have resisted that on grounds that she should have acted before the April decision? I'm sorry, I didn't understand. So even if, say, the decision against her as it related to good cause for the delay was in early April, she hires a new counsel in late April. If the new counsel had filed a motion to reopen at that point in time, would the government have resisted that motion on grounds that she should have acted before the April decision? I don't know the answer to that, Your Honor. But I can say that in looking at the totality of the circumstances, as we find it in this case, the board believes, and of course I agree, I represent the board, we believe that Ms. Harris did not exercise due diligence. And you would have to look at the circumstances. And the circumstances would be, what did Ms. Harris do to fulfill her responsibility to prosecute her appeal for a responsibility which is always on her, a responsibility which according to Roe remained with her, and she is not relieved of that responsibility just because she hires an attorney, even though the attorney might be from a reputable law firm. And we're saying that Ms. Harris formed that opinion long before she came to this court, and she had an obligation to do so. We respect you for your qualifications, and we've seen you up here on a number of occasions, and you always represent the board well. The problem here is you're speaking as if the board has decided this question. But the board members, the appointed board members, in fact, have never decided this question because they never got the full facts, which is what counsel for Ms. Harris would like the board to do. You're preempting the board's opportunity to hear the full facts by saying you think the board has somehow prejudged that issue, but they haven't had the facts, have they? No, they have not, and I'm not trying to preempt the board. All I'm saying is that the board never got the facts because Ms. Harris never brought the facts to the board's attention under circumstances which she had the opportunity to do so and did not. And I believe at this point, because she didn't, she should not be given two bites at the apple when she sat down for almost a year and did nothing. Are you saying it would be futile to send it back to the board because as their counsel, you would recommend that they find the absence of good cause in any event? Your Honor, the relationship to counsel to the board, the board, three-member board, presidents and appointed members, we don't make decisions for them. We represent the board. If we find, and we have done so, that the board has made an error, we have gone to the board and say to the board, we believe you made an error. Can we get this case back from the court? And the board says, yes, get it back. We file a motion for a voluntary remand. However, we do not believe, and I don't believe, that this is a case that falls within that category. So the answer is that the board itself has never considered this question of whether it should get the case back and consider the new facts? No, it has not, because she didn't bring the facts to the board's attention. And you are properly representing the position the board is currently in, which is to have said, untimely, you're dismissed. And you're representing that position of the board. I'm representing the position that looking at the facts of this case and the totality of the facts and the circumstances of this case, I do not believe that Ms. Harris should get two bites at the apple when she didn't exercise her due diligence and do something for almost a year, and then she just brought it to the attention of this court. Well, I understand that the analogy is not perfect, but for instance, in the criminal context, where admittedly there's a right to effective counsel, and I guess in the civil context there's no right to actually effective counsel, but the position from every court of appeals has been, if someone's represented by the same counsel on appeal, they don't have an obligation to raise that counsel's ineffectiveness below, because they know that that counsel has no incentive to do that, and so they allow that to be done in a collateral proceeding. But you're saying that in this circumstance, that's not true, that you've got to, even if you have your own counsel, who has obviously no incentive to point the finger at himself, that it's your job to independently go to the board, even if you're still represented by that counsel? She could have fired the counsel at the point that she formed the opinion that the counsel was misleading me. But how do we know that there's no record on when she would have formed the opinion? You're just prejudging the record. Well, I'm not prejudging the record. I am saying that she had a sufficient amount of time. I looked in their brief. They said all these things, without an affidavit, of course, in their brief, that she found this and she formed this and she formed… Well, but you're making a factual finding and say that we should adopt that factual finding and be… No, I'm not. No, I'm not. I am saying only that Ms. Harris had an opportunity to know the facts of her case. A reasonable person would have formed the opinion that her counsel was not representing her properly within that year's time, from the time she got the board's acknowledgement order that her appeal was filed June 11, rather than June 10, when it should have, and the time that the board issued its decision. She had a long period of time that she should have, a reasonable person would have, formed the opinion, and during that time, she had an obligation to do so, and that the fact that she comes now and she's trying to make that argument to this court shows that she did not exercise due diligence. If we affirm here, does Ms. Harris have any remedy before the board? I don't think she has a remedy before the board. She may have a remedy with her former counsel. I don't know. I don't know, Your Honor. She has a remedy, but… I don't know. I don't know that she has a remedy before the board. Oh, but I didn't hear the last part. Well, it was inappropriate. You were referring to a possible malpractice. I… You withdrew that comment. Yeah, I withdrew that comment. The board's authority to reopen is open-ended on this case. Yes, it is. But there have been cases where the board says it needs to be exercised in a matter of weeks or a matter of years, but it never says…a matter of weeks or months, I'm sorry, rather than years, but it never says that they will never consider something that… It's open-ended. She could theoretically go to the board, right? You mean at this point? Yeah. I assume she could, Your Honor. I mean, once she brings…I assume that she could. Of course, I can't speak for the board at this point, but I assume she could at this point, and that would be preferable to a remand, because from what I understand, as I said earlier, she had time. June the 11th or June the 14th when she received notice, and when the board issued its decision, she did nothing, and she should not be rewarded for not exercising due diligence. If…just one final question, if you will. If they…if Ms. Harris was now to go before the board on a remand petition, a reopened petition… A reopened petition on her own, you're saying? Yeah, on her own. And the board took six months to decide it, theoretically. Would she be barred from an appeal to this court as her appeal time run? There was some conversation about that that I didn't understand. I don't know the answer to that. I do know that if she go on a reopening, I believe the only issue before the board at that time is whether…is the time on this issue would not be on the merits. And, of course, she would get whatever appeal rights she would get at the end of that process. Okay. Thank you. Okay. Thank you, Ms. Reardon. No further questions. Thank you.  Thank you, Your Honor. I think the only point I want to make is the due diligence that is expected of an appellant is not to the board. It's with the attorney-client relationship that she has with her attorney. That issue was made clear in the Primms case, which the Court of Claims decided back in 1984, when the same arguments were made by the government against Mr. Primms. And the court said the issue is whether the attorney had actively misled and lulled his client into believing the case was proceeding smoothly. It's not that the employee is supposed to make assumptions with respect to legal principles, contrary to what her attorney is telling her. If she follows up with her counsel, and if counsel, in fact, deceives her, lulls her, in the court's words, into believing that everything is proceeding normally, I don't believe that there's any decision which says that the client is expected, upon pain of dismissal, to proceed to the tribunal herself and raise these issues herself, when her duly appointed counsel is telling her to the contrary. In fact, I would suggest, having been an attorney for as long as I have, if this court, or the Merit Systems Board, were to be confronted upon expectation by every one of my clients who believes that I am somehow mangling his or her case, you would never hear the end of it. The issue is between the attorney and the client, and that is the only due diligence that the employee is expected to exercise. Okay. Thank you, Mr. Sheehan. Thank you.